# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

STEVEN WARREN,                                    Civil Action No. 1:06-cv-534
      Petitioner,

                                              Barrett, J.
      vs.                                         Hogan, M.J.

WARDEN, NOBLE CORRECTIONAL
INSTITUTION,                                      **REPORT AND**
      Respondent.                                 **RECOMMENDATION**

Petitioner, a state prisoner, brings this case pro se seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  The case is now before the Court upon the petition (Doc. 1), respondent's return of writ and exhibits thereto (Doc. 6), and petitioner's traverse to the return of writ. (Doc. 7).

## I.      PROCEDURAL HISTORY

### Case No. B0403845

Petitioner was indicted by the April 2004 Term of the Hamilton County, Ohio Grand Jury on one count of Aggravated Robbery (R.C. §2911.01(A)(1)), with a specification; one count of Robbery (R.C. §2911.02(A)(2)); two counts of Felonious Assault (R.C. § 2903.11(A)(2) and (A)(1)), with specifications; and one count of Attempted Murder (R.C. § 2923.02(A)).  Petitioner was accused of robbing the Provident Bank on two different dates in 2002 and causing harm to a different person on each occasion. (Doc. 6, Exh. 1).  On April 30, 2004, petitioner entered a not guilty plea to the charges. (Doc. 6, Exh. 2).  On May 16, 2005, prior to trial, petitioner elected to be tried by a judge and waived his right to trial by a jury. (Doc.6, Exh. 3).  Petitioner entered into a plea agreement wherein he pleaded guilty to one count of Felonious Assault with a gun specification in exchange for a sentence of ten years and the dismissal of counts four and five of the

indictment and the dismissal of specification one to count three. (Doc. 6, Exhs. 4, 5).  The trial court dismissed counts one and two of the indictment for want of prosecution (Doc. 6, Exh. 6) and on October 18, 2005, entered a judgment sentencing petitioner as of May 16, 2005 to a term of three years for the gun specification, consecutive to seven years for the felonious assault charge. (Doc. 6, Exh. 7, Entry Nunc Pro Tunc as of May 16, 2005).

**Case No. B0412233**

Petitioner was indicted by the January 2005 Term of the Hamilton County, Ohio Grand Jury on two counts of Trafficking in Cocaine in 2004 (R.C. §2925.03(A)(2)); two counts of Possession of Cocaine (R.C. §2925.11(A)); and one count of Having Weapons While Under Disability (R.C. § 2923.13(A)(2)), based upon a juvenile Burglary conviction. (Doc. 6, Exh. 8).  Petitioner entered a not guilty plea to the charges.  On July 1, 2005, petitioner elected to be tried by a judge and waived his right to trial by a jury. (Doc. 6, Exh. 9).  Petitioner entered into a plea agreement wherein he pleaded guilty to one count of Trafficking in Cocaine and one count of Having Weapons While Under Disability in exchange for a dismissal of counts two, three and four of the indictment. (Doc. 6, Exh. 10).  On October 18, 2005, the trial court entered a judgment sentencing petitioner as of July 1, 2005 to a term of seven years incarceration on the Trafficking in Cocaine conviction, concurrent to five years for Having Weapons While Under Disability.  The sentence was ordered to be served concurrent with the sentence for Felonious Assault in Case No. B0403845, but consecutive to the three year term for the gun specification in Case No. B0403845. (Doc. 6, Exh. 11, Entry Nunc Pro Tunc as of July 1, 2005).  The total aggregate sentence as to Case No. B0403845 and Case No. B0412233 was ten years. *Id.*

Petitioner did not pursue an appeal as of right from his convictions and sentences.  On

March 6, 2006, almost five months after he was sentenced in both cases, petitioner filed motions for leave to file a delayed appeal to the Ohio Court of Appeals, First Appellate District, from the trial court's judgments of conviction and sentence.  (Doc. 6, Exs. 12, 13, 19, 20).

 In an affidavit attached to his motions for delayed appeal, petitioner indicated that he was not aware of his right to appeal, was not informed of this right by his trial attorney, and did not receive a copy of the journalized sentencing entries until February 2006.  Petitioner further indicated he would like to appeal the sentences that were imposed because they are unconstitutional under *Blakely v. Washington,* 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005) (*See* Doc. 6, Exs. 13, 20, "Defendant-Appellant's Affidavit").  On April 6, 2006, in separate entries, the Ohio Court of Appeals overruled petitioner's motions for delayed appeal on the ground that "appellant has failed to provide sufficient reasons for failure to perfect an appeal as of right." (*Id.,* Exhs. 15, 22).

Petitioner timely appealed the Ohio Court of Appeals' judgments to the Supreme Court of Ohio. (Doc. 6, Exhs. 16, 23).  In his memoranda in support of jurisdiction, petitioner essentially claimed that: (1) he was denied his constitutional right of appeal; and (2) his sentence is unconstitutional in light of the Supreme Court's decisions in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), *Ring v. Arizona,* 536 U.S. 584 (2002), *Blakely* and *Booker*. (Doc. 6, Exhs. 17, 24).

On August 2, 2006, the Supreme Court of Ohio summarily denied petitioner leave to appeal in both cases and dismissed the appeals "as not involving any substantial constitutional question." (*Id.,* Exhs. 18, 25).

On August 14, 2006, petitioner commenced the instant federal habeas corpus action. (Doc. 1).  In the petition, petitioner asserts two grounds for relief:

3

**GROUND ONE:** THE CONVICTION AND SENTENCE IS VOID PURSUANT TO THE FIFTH, AND FOURTEENTH AMENDMENTS UNDER THE UNITED STATES CONSTITUTION'S DUE PROCESS CLAUSE.

1) The judgment of the trial court is void as the defendant was **not** informed of his rights to appeal the sentence imposed in criminal case number **B-0403845 and B-0412233**. [*See, Ohio Criminal Rule 32(B)]

2) The judgment of the First District Court of Appeals, Hamilton County, Ohio Appeal Number **C-060203 and C-060201**, denying the indigent in pro se, leave to file his delayed appeals as of right is a violation of due process, and equal protection of the law, and is contrary to clearly established federal law. **Wolfe v. Randle**, 267 F.Supp.2d 743, 750-751, (S.D. Ohio 2003); **Deitz v. Money**, 391 F.3d 804, 810-811 (6th Cir. 2004).

3) The judgment of the Ohio Supreme Court, Case Numbers **06-0836**, and **06-0851**, is a violation of due process, and equal protection of the law, and is contrary to clearly established United States Supreme Court precedence, thus federal-law. **Wolfe**, supra; **Deitz**, supra. **Accord**.

a) The Ohio Supreme Court's judgments, denying relief pursuant to holding of the United States Supreme Court in **Blakely v. Washington**, (2004), 542 U.S. ___, 124 S.Ct. 2531, 2537; **United States v. Booker**, (2005), ___ U.S. ___, 125 S.Ct. 738; **Cf**. **State v. Montgomery**, (1st Dist. 2005), 159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250; **State v. Foster**, (Ohio Supreme Court 2006), 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 (*Ohio Supreme Court declaring Ohio's sentencing statutes unconstitutional pursuant to **Blakely**, supra; **Booker**, supra.) **Accord**.

b) Petitioner filed his delayed appeals and presented his **Blakely** claims in the Court of Appeals, Appeals Number **C-060203** and **C-060201**, and then upon direct appeal therefrom in the Supreme Court of Ohio in Case Numbers **06-0836 and 06-0851**. In which the Supreme Court denied jurisdiction asserting that these cases did not involve any substantial constitutional questions.

c) The Court of Appeals, judgments in Appeal Numbers **C-060203 and C-060201**, is contrary to clearly established United States Supreme precedence concerning the right to appeal a criminal conviction and sentence. See **Wolfe**, supra; **Deitz**, supra; and **Roe v. Flores-Ortega**, (2000), 528 U.S. 470, 120 S.Ct. 1029. **Accord**.
d) The Supreme Court of Ohio's judgments in Case Numbers **06-0836 and 06-0851**, is contrary to clearly established United States Supreme Court precedence concerning the right to appeal a criminal conviction and sentence. See, **Wolfe**, supra; **Deitz**, supra; and **Roe**, supra. **Accord**.

**GROUND TWO**: THE SENTENCE IMPOSED IS VOID PURSUANT TO THE

FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED
STATES CONSTITUTION, AS INTERPRETED BY THE UNITED STATES
SUPREME COURT, THUS CONTRARY TO FEDERAL-LAW.

1) Petitioner entered his guilty plea in criminal case number **B-0403845**, on May
19th, 2005, to Count Three, a Felonious Assault, in violation of O.R.C. §
2903.11(A)(2), a felony of the second degree, and to the Gun Specification in Count
Two, and the remaining Counts were dismissed.

a) On October 18th, 2005 the trial court imposed a prison term, upon the Petitioner
who has **not** served a prior prison term, as follows:
Count One, seven-year-prison-term, and
Count Two, a three-year-prison-term, based on facts and findings made by the trial
judge to enhance the prison term, that were neither admitted by the defendant, nor
proven to a jury beyond a reasonable doubt.

b) The trial court was required to impose the shortest prison term available pursuant
to O.R.C. § 2929.14(A)(2), being a two year prison term. Therefore, the trial judge
exceeded his proper authority, and the sentence violates the Fifth, Sixth and
Fourteenth Amendments to the U.S. Constitution. See, **Blakely v. Washington,**
(2004), 542 U.S. __, 124 S.Ct. 2531, 2537; **Booker**, supra; **Montgomery**, supra;
**Foster**, supra. **Accord**.

2) Petitioner entered his guilty plea in criminal case number **B-0412233**, on July 1st,
2005, to Count One, Trafficking in Cocaine, in violation of O.R.C. § 2925-03(A)(2),
a felony of the first degree, and to Count Five, Having Weapons Under Disability, in
violation of O.R.C. § 2923.13-(A)(2), a felony of the third degree, and the remaining
counts were dismissed.

a) On October 18th, 2005 the trial court imposed a prison term, upon the Petitioner
who has **not** served a prior prison term, as follows:
Count One, seven-year-prison-term, and
Count Five, a five-year-prison-term, concurrently with each-other, and concurrently
with case number **B-0403845**.

b) The trial court was required to impose the shortest prison term available pursuant
to O.R.C. § 2929.14(A)(2), and (A)(3), being a three, and one year prison term.
Therefore, the trial judge exceeded his proper authority, and the sentence violates the
Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution. See, **Blakely**,
supra, S.Ct., 2537; **Booker**, supra; **Montgomery**, supra; **Foster**, supra. **Accord**.

(Doc. 1, Petition).

In the return of writ, respondent contends that any claims challenging petitioner's

5

conviction and sentence in Case Nos. B-0403845 and B-0412233 are procedurally defaulted and barred from habeas review. Respondent also argues that petitioner was not denied his right to appeal but knowingly waived such right. Respondent further argues that since petitioner waived his right to appeal his sentence this federal court need not consider whether his sentence is "contrary to law." (Doc. 6 at 23).

Because petitioner's procedural default argument has been foreclosed by the Sixth Circuit in *Deitz v. Money,* 391 F.3d 804, 810-11 (6th Cir. 2004) (holding that Ohio's Appellate Rule 5(A), the provision governing the filing of delayed appeals in the Ohio appellate courts, does not constitute an adequate and independent state ground to preclude federal habeas corpus review), the undersigned will not address the procedural default defense asserted by respondent, and instead will proceed to consider petitioner's claims for relief on the merits.

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

6

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented. *Schoenberger v. Russell,* 290 F.3d 831, 835 (6th Cir. 2002); *Harris v. Stovall,* 212 F.3d 940, 943 & n. 1 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The review is not a full *de novo* review of the claims, but is deferential to the state court's determination. *Id.* Since the Ohio Court of Appeals summarily denied petitioner's motions for a delayed appeal, and the Ohio Supreme Court declined jurisdiction to hear an appeal on those rulings, there is no court decision to evaluate in light of 28 U.S.C. § 2254 and the Court will conduct its own deferential review.

### III.  GROUND ONE OF THE PETITION IS WITHOUT MERIT.

In Ground One of the petition, petitioner essentially claims that he was denied his constitutionally-protected right of appeal because he "was not informed of his rights to appeal the sentence imposed" in both of his criminal cases. (Doc. 1).  It further appears petitioner is claiming that he should have been given the opportunity to appeal his sentence on the ground that it was imposed in violation of the Supreme Court's *Blakely* and *Booker* decisions, as alleged in Ground Two of the petition. (*Id.*).

Although the Constitution does not require states to grant appeals as of right to criminal defendants seeking review of alleged trial errors, once a state does provide the right to appeal following a criminal conviction, the appeal process must comport with the Fourteenth Amendment's guarantees of due process and equal protection. *Evitts v. Lucey,* 469 U.S. 387, 393, 403 (1985); *see also Douglas v. California*, 372 U.S. 353, 356-57 (1963); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956); *cf. Halbert v. Michigan,* 545 U.S. 605, 610, 616-23 (2005) (holding that the Due Process and Equal Protection Clauses require the appointment of counsel for indigent defendants seeking first-tier review of guilty or *nolo contendere* pleas in the intermediate state court of appeals, whose function is to review and "correct errors made by the lower courts," even though such review is discretionary under state law).

It is well-settled that the Constitution is violated if a criminal defendant is denied an appeal "by reason of his lack of knowledge of his right and the failure of his counsel *or* the court to advise him of his right to appeal with the aid of counsel." *Goodwin v. Cardwell,* 432 F.2d 521, 522-23 (6th Cir. 1970) (emphasis added); *see also Henderson v. Cardwell,* 426 F.2d 150, 154 (6th Cir. 1970);

*Hall v. Yanai,* 197 Fed. Appx. 459, 460 (6th Cir. Sept. 27, 2006) (not published in Federal

Reporter), *cert. denied,* 127 S.Ct. 2944 (2007).  However, a court's "failure to advise the defendant

of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered

no prejudice from the omission." *Peguero v. United States,* 526 U.S. 23, 24 (1999).

Petitioner alleges his rights to due process and equal protection were violated by the First

District Court of Appeals' denial of his motions for leave to file a delayed appeal, citing *Wolfe v.*

*Randle*, 267 F. Supp.2d 743 (S.D. Ohio 2003).  In *Wolfe*, the District Court granted a petition for a

writ of habeas corpus where, after the defendant's guilty plea, his motion for delayed appeal was

denied as untimely and there was no indication that he had been advised of his right to appeal.  The

District Court reasoned:

> [D]ue process is offended when a defendant who pled guilty is kept completely
> ignorant of his appellate rights. *Cf. Peguero v. U.S.,* 526 U.S. 23, 119 S.Ct. 961, 143
> L.Ed.2d 18; *White v. Johnson,* 180 F.3d 648, 652 (5th Cir. 1999). The Supreme
> Court has addressed the procedural requirements for indigent defendants in the
> appellate process on several occasions.  In *Griffin v. Illinois,* 351 U.S. 12, 18, 76
> S.Ct. 585, 100 L.Ed. 891 (1956), the Court held that an indigent defendant is entitled
> to a transcript in order to pursue an appeal.  The Court later held that indigent
> defendants had a right to counsel on their first appeal, *Douglas v. California,* 372
> U.S. 353, 365-57, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and that all defendants have
> the right to effective assistance of appellate counsel, *Evitts v. Lucey,* 469 U.S. 387,
> 393, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).  The right of notice is more fundamental
> than the rights previously guaranteed by the Supreme Court.  Precedent therefore
> dictates that failure to inform an indigent defendant of [his] appellate rights violates
> due process. . . .  [A] defendant is not necessarily denied a constitutional right when
> a state court denies a request for a delayed appeal.  However, due process rights are
> implicated when a delayed appeal is the result of a lower court's failure to ensure
> that an indigent defendant's appellate rights are protected.
>
> *
> *
> *

The Constitution is violated if a convicted defendant is not given the right to appeal

"by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." *Jacobs v. Mohr,* 265 F.3d 407, 419 (6th Cir. 2001) (citing *Goodwin v. Cardwell,* 432 F.2d 521, 522-23 (6th Cir. 1970)).  The defendant has ultimate authority in making certain fundamental determinations pertaining to his case, including the right to appeal. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).  The authority to pursue an appeal, even one following a guilty plea, is the defendant's alone. *Marrow v. United States,* 772 F.2d 525, 530 (9th Cir. 1985).  The decision to appeal is not the determination of defendant's lawyer. *Id.*  In order to make such a decision, the defendant must have knowledge about the appeals options available to him. *United States ex rel. Smith v. McMann,* 417 F.2d 648, 654 (2d Cir.1969), *cert. denied,* 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970) (construing *Douglas v. California* as imposing on a state "a duty to warn every person convicted of a crime of his right to appeal...the right to appeal at the expense of the state is a mere illusion if the convicted indigent defendant does not know such a right exists."); *State v. Sims,* 27 Ohio St.2d 79, 272 N.E.2d 87, 91 (1971) (finding that "in the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal...it was error for the Court of Appeals to dismiss the motion for leave to appeal without making such a factual determination.")

In order to be properly informed, a defendant must be told of his right to appeal, the procedures and time limits involved in proceeding with that appeal, and the right to have the assistance of appointed counsel for that appeal. *White,* 180 F.3d at 652 (5th Cir.1999), *Norris v. Wainwright,* 588 F.2d 130, 135 (5th Cir.), *cert. denied,* 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979).  The petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. *Faught v. Cowan,* 507 F.2d 273, 275 (6th Cir.1974), *cert. denied,* 421 U.S. 919, 95 S.Ct. 1583, 43 L.Ed.2d 786 (1975).  Further, a defendant cannot base a claim on the court's failure to inform him of his appellate rights if he has personal knowledge of these rights. *Peguero,* 526 U.S. at 29-30, 119 S.Ct. 961(citing *Soto v. U.S.,* 185 F.3d 48, 54 (2d Cir.1999)).

*Wolfe,* 267 F.Supp.2d at 746-748.

The decision in *Wolfe* was premised on the complete absence of any evidence showing that the petitioner knew of his appellate rights or was informed of such rights by either his counsel or the trial judge. *Id.* at 749.  In this case, in contrast, petitioner signed two guilty plea agreements indicating he had been advised of his right to appeal and of the time limit for filing an appeal:

> I understand the nature of these charges and the possible defenses I might have. *I am satisfied with my attorney's advise, counsel, and competence*. I am not under the influence of drugs or alcohol at this time.  I have not been forced or threatened in any way to cause me to sign and offer this plea.

> I understand by pleading guilty I give up my constitutional rights to a jury trial, to confront witnesses against me, to have subpoened witnesses in my favor, and to require the state to prove my guilt beyond a reasonable doubt at a trial at which I cannot be compelled to testify against myself.

> I understand that my plea of Guilty is a complete admission of my guilt of the charge(s) against me.  I know the judge may either sentence me today or refer my case for a presentence report.  *I understand my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of my sentence.*

(Doc. 6, Exh. 4 at 2, Exh. 10 at 1-2) (emphasis added).  In addition, the guilty plea and sentencing transcript confirms that petitioner read, understood, and discussed with his counsel the guilty plea entries cited above. (Doc. 6, Exh. 26 at 4-5, 22).  In addition, petitioner's counsel confirmed on the record that he explained to petitioner his constitutional rights in these matters. (Doc. 6, Exh. 26 at 16, 30-31).  Petitioner stated on the record that he was satisfied with his attorney's advice and counsel. (Doc. 6, Exh. 26 at 13, 28-29)  Based on the above, it is clear that petitioner was informed and aware of his appellate rights.  Therefore, his claim that "was not informed of his rights to appeal the sentence imposed" in both of his criminal cases is without merit.  Ground One of the habeas petition should be denied.


## IV.  GROUND TWO OF THE PETITION IS WITHOUT MERIT.

Ground Two of the petition alleges that petitioner was sentenced in violation of the Sixth Amendment and *Blakely v. Washington*, 542 U.S. 296 (2004).  Petitioner asserts that the trial court

11

erred by imposing non-minimum sentences based on facts not admitted to by petitioner nor found beyond a reasonable doubt by a jury in violation of *Blakely*.

In *Blakely,* the United States Supreme Court held that an enhanced sentence imposed by a judge under a state's sentencing statute, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution.  The defendant in *Blakely* entered a guilty plea and, pursuant to the plea agreement, the state recommended a sentence within the standard range of 49 to 53 months. *Id*. at 300.  The trial judge rejected the recommended sentence and, instead, imposed an exceptional sentence of 90 months based upon his own finding, by a preponderance of the evidence, that the defendant had acted with "deliberate cruelty." 542 U.S. at 302-304.  The Supreme Court reversed the defendant's sentence imposed under the state's determinate sentencing scheme after finding the trial judge had enhanced the defendant's kidnaping sentence beyond the statutory maximum based upon facts neither admitted to by the defendant nor found by the jury. *Id*. at 303.  The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* 542 U.S. at 303.  Importantly, the *Blakely* Court clarified that "the 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.*

The reasoning of *Blakely* was extended by the Supreme Court to the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sixth Amendment as construed in *Blakely* applied to the Federal Sentencing guidelines and thus any fact (other than a prior conviction) that increases a defendant's sentence beyond the statutory maximum

12

must be presented to a jury and proved beyond a reasonable doubt.  *See Booker*, 543 U.S. at 244.

In Case No. B0403845,  petitioner was sentenced on one count of Felonious Assault with a gun specification in exchange for a sentence of ten years and the dismissal of counts four and five of the indictment and the dismissal of specification one to count three pursuant to a plea agreement. (Doc. 6, Exhs. 4, 5, 7).  Petitioner contends this sentence violates the Sixth Amendment because the trial judge imposed the ten year prison term based on facts not admitted to by petitioner nor presented to a jury in contravention of *Blakely*.

Under Ohio Revised Code § 2929.14(B), a trial judge must "impose the shortest prison term authorized," absent findings supporting an enhancement.[1]  Petitioner does not take issue with the mandatory three year prison term for the gun specification, but argues that he should have been sentenced to the two year "minimum" prison term provided for a second degree felony conviction which carries a minimum of two and maximum of eight years imprisonment.  *See* Ohio Rev. Code § 2929.14(A)(2).

This claim is without merit.  Unlike the trial court in *Blakely* which imposed an exceptional sentence of 90 months despite the state's recommended sentence of the standard 49 to 53 months,

---

[1]Section 2929.14(B) provides:

Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), (G), or (L) of this section, in section 2907.02 or 2907.05 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:

(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.

(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

13

the trial court in petitioner's case did not base the petitioner's non-minimum sentence on factual

findings, but rather accepted and imposed the parties' agreed-upon sentence. (Doc. 6, Exhs. 4, 7,

and 26 at 9-10).  A stipulated sentence made pursuant to a plea agreement removes the onus of fact-

finding from the trial court under Ohio law.  The Ohio Supreme Court has held that "[o]nce a

defendant stipulates that a particular sentence is justified, the sentencing judge need not

independently justify the sentence." *State v. Porterfield*, 106 Ohio St.3d 5, 829 N.E.2d 690 (2005).[2]

Because a *Blakely* claim "is premised upon the need for a jury to make certain statutorily required

sentencing findings," *State v. Brown*, 2006 WL 225524, *3 (Ohio Ct. App. 10 Dist. 2006), where

the parties agree to a particular sentence and jointly recommend the sentence, no findings are

statutorily required to impose the sentence under Ohio law.  *See Porterfield*, 106 Ohio St.3d 5,

2005-Ohio-3095, at ¶ 25-26.   "As there is no statutory requirement that findings be made, *Apprendi*

---

[2]In *Porterfield*, the State Court of Appeals reversed the defendant's sentence based on the trial court's failure to comply with *State v. Comer,* 99 Ohio St.3d 463, 793 N.E.2d 473 (2003), which required that a trial court articulate both "findings" for imposing consecutive sentences and "reasons" for those findings.  The Supreme Court of Ohio reversed, reasoning:

> Porterfield's sentence was entered pursuant to a plea bargain in which Porterfield agreed to the precise sentence that was imposed. "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D).  Porterfield's sentence was authorized by law, was recommended jointly by him and the prosecution, and was imposed by a sentencing judge.  Pursuant to R.C. 2953.08(D), Porterfield's sentence is not subject to review.  *Comer* cannot be applied here.  The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate.  *Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.* Pursuant to R.C. 2953.08(D), the trial court's compliance with R.C. 2929.19 and *Comer* was not required.

*State v. Porterfield*, 106 Ohio St.3d 5, 9-10, 829 N.E.2d 690, 694 (2005) (emphasis added).

Although the Ohio Supreme Court subsequently struck down as unconstitutional several provisions of Ohio's sentencing law in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), Section 2953.08(D) was not among the provisions severed.  "Nor did *Foster* change the statutory range of punishments. Thus, any sentence imposed upon an offender that falls within the statutory range of available sentences still remains a sentence 'authorized by law'" under R.C. 2953.08(D). *State v. Billups*, 2007 WL 853335, *2 (Ohio App. 10 Dist. 2007).

and *Blakely* are inapplicable to [a] defendant's . . . sentence." *State v. Brown*, 2006 WL 225524, *3, citing *State v. Ranta,* 2005 WL 1705744, *3 (Ohio Ct. App. 8 Dist. 2005) ("*Blakely* addresses only those instances in which a judge makes findings statutorily required for the imposition of certain sentences.  Because we conclude in the case at bar that as a result of the plea agreement no findings were required, *Blakely* does not apply for this very specific reason").  As explained by one court:

> The theory behind the refusal to review agreed-upon sentences remains constant, even after *Foster. State v. Woods,* 2d Dist. No. 05CA0063, 2006-Ohio-2325, at ¶¶ 14-15; see, also, *State v. Covington,* 5th Dist. No. CT2005-0038, 2006-Ohio-2700, at ¶¶ 13-14; *State v. Hammond,* 8th Dist. No. 86192, 2006-Ohio-1570, at ¶ 14. "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate." *Porterfield,* supra, at ¶ 25.

*State v. Kimble*, 2006 WL 3350483, *5 (Ohio Ct. App. 11 Dist. 2006).  The Ohio appellate courts are in accord that *Foster* and *Blakely* do not require re-sentencing where the defendant and the State have agreed upon a particular sentence.  *See State v. Spurling*, 2007 WL 624993, *3 (Ohio Ct. App. 1 Dist. 2007); *State v. Woods*, 2006 WL 1284613, *2 (Ohio Ct. App. 2 Dist. 2006); *State v. Giesey,* 2006 WL 3771982, *2 (Ohio Ct. App. 3 Dist. 2006); *State v. Bower*, 2006 WL 3530134, *3 (Ohio Ct. App. 4 Dist. 2006); *State v. Carrico*, 2007 WL 427909, *3 (Ohio Ct. App. 5 Dist. 2007); *State v. Nguyen*, 2007 WL 1229306, *5 (Ohio Ct. App. 6 Dist. 2007); *State v. Jackson*, 2006 WL 1705133, *9 (Ohio Ct. App. 8 Dist. 2006); *State v. Billups*, 2007 WL 853335, *2 (Ohio Ct. App. 10 Dist. 2007); *State v. Kimble*, 2006 WL 3350483, *5 (Ohio Ct. App. 11 Dist. 2006).

The federal courts have applied a similar rationale when a defendant bargains for and receives the specific sentence stipulated to as part of a plea bargain.  Where a defendant "voluntarily exposed himself to a specific punishment, [he] cannot now claim he was the victim of a mandatory sentencing system." *United States v. Silva,* 413 F.3d 1283, 1284 (10th Cir. 2005)

(holding no *Booker* error in sentencing defendant to the specific sentence bargained for in plea agreement). *See also United States v. Pacheco-Navarette,* 432 F.3d 967, 971 (9th Cir. 2005) ("where a defendant was sentenced after pleading guilty pursuant to a plea agreement that included a specific sentence stipulation that did not exceed the statutory maximum and was not contingent upon the Guidelines, remand is not required to comport with *Booker* and *Ameline.*"); *United States v. Cieslowski,* 410 F.3d 353, 364 (7th Cir. 2005) ("[a] sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines .... As *Booker* is concerned with sentences arising under the Guidelines, it is inapplicable in this situation."), *cert. denied*, 126 S. Ct. 1021 (2006); *United States v. Sahlin,* 399 F.3d 27, 32-33 (1st Cir. 2005)(holding no *Booker* violation because defendant stipulated to his sentence under Rule 11(c)(1)(C)).  Likewise, this Court has previously recognized that "by agreeing as a term of the plea bargain to a specified prison sentence . . . petitioner waived any argument that such sentence was imposed under statutory standards held to be unconstitutional by the Supreme Court in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), in light of *Blakely v. Washington*, 542 U.S. 296 (2004)." *Todd v. Wolfe*, Case No. 1:05-cv-737 (S.D. Ohio March 28, 2007) (Spiegel, J.), 2007 W.L. 951616, *7 n. 8, citing *State v. Richardson,* No. 87886, 2007 WL 18792, at *1 (Ohio Ct. App. 8 Dist. 2007) (unpublished) (and cases cited therein); *State v. Kimble,* No.2005-T-0085, 2006 WL 3350483, at *5 (Ohio Ct. App. 11 Dist. 2006) (unpublished) (and cases cited therein); *State v. Bower,* No. 06CA3058, 2006 WL 3530134, at *3 (Ohio Ct. App. 4 Dist. 2006) (unpublished) (and cases cited therein); *State v. Graham,* No. 05AP-588, 2006 WL 465104, at *3 (Ohio Ct. App. 10 Dist. 2006) (unpublished) (and cases cited therein), *appeal dismissed,* 849 N.E.2d 1029 (Ohio 2006).  *See also Rockwell v. Hudson*, 2007 WL 892985, *7 (N.D. Ohio 2007), citing *State v. Jones,* No. 06AP-354, 2006 WL 3703859, at

16

*3 (Ohio Ct. App. 10 Dist. 2006) (given joint sentencing recommendation, no findings statutorily required, thus *Apprendi* and *Blakely* inapplicable); *State v. Jackson,* No. 86506, 2006 WL 1705133, at *9 (Ohio Ct. App. 8 Dist. 2006) (as result of plea agreement, no findings required, thus *Blakely* inapplicable).

Based on the admitted facts, and consistent with the agreed-upon ten-year sentence set forth in the "Guilty Plea/Agreed Sentence" (Doc. 6, Exh. 4), petitioner was sentenced to ten years imprisonment. Petitioner's sentence was not increased beyond the ten years stipulated to in the plea agreement. Petitioner's sentence was based on the facts he admitted and the sentence he stipulated to, and not on any facts found solely by the trial court. The trial judge's sentence arose directly from the plea agreement itself and not on any judicially-found facts. (Doc. 6, Exh. 26 at 9-19). The trial court accepted the terms bargained for by the parties and, under these circumstances, the Court cannot say that petitioner's sentence violated the Sixth Amendment or *Blakely*.

In so ruling, the undersigned acknowledges there is a contrary decision from the Columbus Division of this Court. In *Friley v. Wolfe*, 2006 WL 3420209 (S.D. Ohio Nov. 27, 2006) (Marbley, J.), the Court vacated the petitioner's sentence imposed after a plea agreement which included a recommended sentence of five years finding the sentence violated *Blakely*. The Court determined that although the parties jointly recommended a sentence of five years, the trial court was not required to accept the recommendation, nor did the joint recommendation "constitute a stipulation by petitioner to any factual findings that were required to be made by the trial court before it could impose a sentence greater than the statutory maximum." 2006 WL 3420209, *11. The *Friley* Court stated that "[w]hile it does appear that petitioner waived the right to appeal his sentence under O.R.C. § 2953.08(D) since the trial court imposed the jointly recommended sentence, nothing in the

17

record before this Court reflects that petitioner was advised that he was waiving the right to appeal his sentence by agreeing to a jointly recommended sentence." *Id*.

The undersigned respectfully disagrees with the result reached by *Friley*. Once the parties agree to a specific sentence as part of the plea agreement, there is no further statutory fact-finding required to impose the sentence pursuant to *Porterfield*, 106 Ohio St.3d 5 (and its progeny) and *Blakely* does not require re-sentencing.

In addition, the Sixth Circuit case primarily relied upon by *Friley* is factually inapposite to a situation where the parties have stipulated to a specific sentence. In *U.S. v. Amiker*, 414 F.3d 606, 607 (6th Cir. 2005), cited by *Friley*, the defendant pleaded guilty to an offense which, under the United States Sentencing Guidelines, provided a sentence range of 121 to 151 months imprisonment. At sentencing, the trial judge imposed sentencing enhancements which placed the defendant in the sentence range of 168 to 210 months imprisonment under the guidelines. The district court sentenced Amiker to 168 months imprisonment, "greater than the maximum of 151 months allowed by the facts to which Amiker admitted" and unsupported by facts found by a jury. The Sixth Circuit held that the sentencing determination violated the Sixth Amendment under *Booker*, 543 U.S. 220, stating:

> The Supreme Court has said that where a defendant pleads guilty, the government "'is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.'" *Booker,* 125 S.Ct. at 774 (Stevens, J., concurring in part and dissenting in part) (quoting *Blakely v. Washington,* 542 U.S. 296 (2004)). The plain meaning of this language, and the equally plain language of *Booker* and *Blakely,* indicate that consent to judicial factfinding cannot be found in an ordinary plea agreement. At the time of Amiker's plea agreement and sentencing, *all plea agreements required, either explicitly or implicitly, that a defendant agree to sentencing under the Guidelines*. Where this requirement is spelled out, we see no reason to imply consent to judicial factfinding. That Amiker, in his plea agreement, agreed to be sentenced pursuant to the Sentencing Guidelines, does not preclude him from raising the *Booker* error on appeal.

*Amiker*, 414 F.3d at 607-608 (emphasis added).

Unlike the plea agreement in *Amiker*, the plea agreement in the instant case included the specific sentence to which petitioner agreed, *i.e.*, ten years.  The trial court imposed the specific sentence bargained for in the plea agreement.  Had the trial judge rejected the agreed-upon sentence and imposed a sentence in excess of the ten year term stipulated to by the parties the undersigned might be faced with a situation akin to *Amiker*.  But where, as here, petitioner agrees to a specific term of imprisonment in his plea agreement, the sentence imposed arises directly from the agreement itself and not from any additional facts found by the trial judge pursuant to Ohio Rev. Code § 2929.14(B).  The Court also notes that the decision in *Friley* appears to be contrary to the Ohio and federal case authority cited above.  For these reasons, the undersigned declines to follow *Friley* and recommends that petitioner's *Blakely* claim be denied.[3]

Petitioner also argues that the imposition of non-minimum sentences in Case No. B0412233 violates the Sixth Amendment and *Blakely*.  Petitioner contends that under Ohio Rev. Code §§ 2929.14(A)(1) and (A)(3) and 2929.14(B), the trial court was required to impose the shortest prison term available, being three years and one year respectively for the Trafficking in Cocaine and Having Weapons While Under Disability convictions.

Unlike Case No. B0403845 where petitioner entered into a guilty plea and agreed sentence with the State, the record does not reflect an agreed to sentence in Case No. B0412233.

---

[3]It is noted that recently, in an unpublished decision, Senior District Judge S. Arthur Spiegel of this Court adopted a Report and Recommendation to deny federal habeas relief to a state prisoner who similarly challenged his agreed-to sentence based on *Blakely*.  Judge Spiegel determined that "despite the contrary decision in *Friley* . . . , because the trial court imposed a sentence based on facts Petitioner admitted to in the plea agreement, and not on any judicially ascertained facts, Petitioner's sentence could not be in violation of the Sixth Amendment or *Blakely*." *Suttles v. Wolfe,* 1:06cv55 (S.D. Ohio July 17, 2007) (Spiegel, S.J.; Hogan, M.J.) (Doc. 13, pp. 7, 10; *see also* Doc. 12, pp. 18-20).

19

Nevertheless, the imposition of non-minimum sentences by the trial court does not violate *Blakely*.

*Blakely* confirms that prior criminal convictions are an exception to its holding. *Blakely,* 542 U.S. at 301; *see also Jones v. United States,* 526 U.S. 227, 243 n. 6 (1999) (explaining that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."); *Almendarez-Torres v. United States,* 523 U.S. 224, 243-44 (1998) (holding that recidivism does not qualify as an element of the crime to be proven beyond a reasonable doubt although it may be employed as a means to enhance a defendant's maximum penalty); *Oyler v. Boles,* 368 U.S. 448, 451 (1962) ("[T]he constitutionality of the practice of inflicting severer criminal penalties upon habitual offenders is no longer open to serious challenge.").  A review of the sentencing transcript in this case shows that petitioner's conviction and sentence in Case No. B0403845 were an implicit part of the "package" when petitioner was sentenced on the later case. (Doc. 6, Exh. 26 at 33-34). The trial court at sentencing stated, "And we're bringing in the other case number as well previously pled on B0403845, and Mr. Warren pled to Count 3, felonious assault, felony of the second degree, plus the specification, and that was an agreed sentence of ten years that was negotiated between the State of Ohio and the defense." (Doc. 6, Exh. 26 at 33).  The judge went on to find, "In regards to the new case number, B0412233, Count 1, Ohio Department of Correction seven years mandatory, plus Count 5 Ohio Department of Correction five years.  And Counts 1 and 5 running concurrent.  And Counts 1 and 5 running concurrent to Count 3.  That runs–and those three counts are running consecutive to the gun spec of the felonious assault.  Total package is ten years O.D.C." (Doc. 6, Exh. 26 at 34).

The petitioner's prior conviction in Case No. B0403845 fell under the exception to *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) and *Blakely*, *i.e.*, "[o]ther than the fact of a prior *conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Blakely,* 542 U.S. at 301 (emphasis added).  The trial judge's consideration of petitioner's prior conviction and sentence in enhancing petitioner's sentence in Case No. B0412233 beyond the minimum set forth in Ohio Rev. Code § 2929.14(A) was neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court precedent.  Thus, Ground Two of the petition is without merit.

Even assuming the trial court's sentencing decision in Case No. B0412233 violated *Blakely*, any alleged error was harmless.  *See Washington v. Recuenco,* 126 S.Ct. 2546 (2006)(holding that *Blakely* violation does not constitute structural error, but is subject to harmless error review).

First, petitioner simply suffered no prejudice as a result of the trial court's imposition of seven and five year-sentences for the Trafficking in Cocaine and Having Weapons While Under Disability convictions instead of the three years and one year sought by petitioner.  The two sentences in Case No. B0412233 were run concurrently to each other (for a total of seven years) and concurrently to the seven year felonious assault conviction in Case No. B0403845 (for a total of seven years).  The resulting sentence was run consecutively to the three year gun specification sentence for a total of ten years.  Even if the trial court had sentenced petitioner to three years for the Trafficking conviction and one year for the Having Weapons While Under Disability conviction, as petitioner contends it should have, petitioner would still end up with a net term of ten years because those sentences would run concurrently to the Felonious Assault conviction in Case No. B0403845.  *See Smith v. Mitchell,* 348 F.3d 177, 210 (6th Cir. 2003).  *See also Bullock v.*

*Jones,* 2006 WL 1663010, \*13 (W.D. Mich. 2006) (any error involved in the concurrent sentence for arson rendered harmless where equal or longer sentence on a valid conviction on unchallenged sentence for home invasion remained intact).  Since the allegedly improper sentence did not lengthen petitioner's term of imprisonment, any error would be harmless.

Second, even if petitioner's sentence in Case No. B0412233 were vacated and the case were returned to the state courts for re-sentencing at this juncture, there is no reason to believe petitioner would receive a more favorable sentence if this Court granted his request for relief.  After *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), *cert. denied,* 127 S.Ct. 442 (2006)*,* the sentencing court would have full discretion to impose the same sentence without having to make any findings or giving any reasons for doing so.  *See Connors-Camp v. Moore*, Case No. 3:07-cv-028, 2007 WL 2325486, \*15 (S.D. Ohio 2007); *Leach v. Hudson*, Case No. 1:06-cv-638, 2007 WL 1115165, \*11 (N.D. Ohio 2007); *Shafer v. Wilson*, No. 1:06-cv-0648, 2007 WL 315760, at \*11 (N.D. Ohio Jan. 30, 2007); s*ee also Parks v. Timmerman-Cooper*, Case No. 3:06-cv-361 (S.D. Ohio Feb. 26, 2007) (Report and Recommendation)(Doc. 12) (Merz, M.J.), *aff'd*, 2007 WL 1452621 (S.D. Ohio May 15, 2007)(Rose, J.); *but see Noland v. Hurley*, Case No. 2:05-cv-682, 2007 WL 3047230, \*3 (S.D. Ohio 2007).  As explained by the Court in *Shafer*, after *Foster*:

> sentencing judges are free to impose any sentence within the applicable statutory range without the need to make any specific judicial findings.  Stated otherwise, because Ohio remedied its unconstitutional sentencing regime by making its guidelines advisory, there is no reason to believe the Petitioner would receive a more favorable sentence if the Court grants his habeas request for relief.

*Shafer,* 2007 WL 315760, at \*11.  The same holds true for the instant case.  Thus, any alleged *Blakely* error would be harmless.  Petitioner's Second Ground for relief is without merit and should be denied.

22

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.


2.  A certificate of appealability should not issue with respect to the claims alleged in the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).



Date: 10/25/2007                          s/Timothy S. Hogan
                                          Timothy S. Hogan
                                          United States Magistrate Judge

23

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

STEVEN WARREN,                                        Civil Action No. 1:06-cv-534
     Petitioner,

                                                 Barrett, J.

     vs.                                                Hogan, M.J.

WARDEN, NOBLE CORRECTIONAL
INSTITUTION,
     Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan,  United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

24

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( Printed Name) | C. Date of Delivery

1. Article Addressed to:

Steven Warren A507-195
Noble Corr. Inst.
15708 McConnelsville Rd.
Caldwell, OH 43724

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7007 1490 0001 0562 6462

PS Form 3811, August 2001 | Domestic Return Receipt | 102595-01-M-2509

1: 06 cv 534  Doc. 8