UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven Warren,

   Petitioner,

  v.

Warden, Noble Correctional Institution,

   Respondent.

CASE NO. 1:06cv534

Judge Michael R. Barrett

## ORDER

Petitioner Warren filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 14, 2006 (Doc. 1). Warren seeks relief from the sentence that Ohio imposed following the entry of two plea agreements. Warren was sentenced to a total of ten years of imprisonment. Respondent filed a return of writ/answer with numerous exhibits attached (Doc. 6). Petitioner then filed a traverse to the return of writ (Doc. 7).

On October 26, 2007, Magistrate Judge Hogan filed a Report and Recommendation (hereinafter, the "Report") (Doc. 8) that recommended the Court dismiss this case with prejudice. The Petitioner objects to the Report (Doc. 13). For the reasons provided below, the Court ADOPTS the Magistrate Judge's Report and Recommendation.

I. Background

The procedural background and facts of this case are sufficiently set forth in the Report and will only be briefly restated herein. Petitioner's claim relates to two state court cases, Case Nos. B0403845 and B0412233. In B0403845, Petitioner was indicted on one count of Aggravated Robbery (O.R.C. §2911.01(A)(1)), with a specification; one count of Robbery (O.R.C. §2911.02(A)(2)); two counts of Felonious Assault (O.R.C. § 2903.11(A)(2)

and (A)(1)), with specifications; and one count of Attempted Murder (O.R.C. § 2923.02(A)). Petitioner eventually entered into a plea agreement wherein he pleaded guilty to one count of Felonious Assault with a gun specification in exchange for a sentence of ten years and the dismissal of counts four and five as well as dismissal of the specification to count three. The trial court then dismissed counts one and two for want of prosecution. See Doc. 6, Exhs. 4-6. Petitioner was then sentenced to a term of three years for the gun specification and seven years for the felonious assault charge, to run consecutive.

In B0412233, Petitioner was indicted on two counts of Trafficking in Cocaine (O.R.C. §2925.03(A)(2)); two counts of Possession of Cocaine (O.R.C. §2925.11(A)); and one count of Having Weapons While Under Disability (O.R.C. § 2923.13(A)(2)), based upon a juvenile Burglary conviction. Again, Petitioner eventually entered into a plea agreement wherein he pleaded guilty to one count of Trafficking in Cocaine and one count of Having Weapons While Under Disability in exchange for dismissal of counts two, three and four of the indictment. The trial court sentenced Petitioner to a term of seven years incarceration on the Trafficking in Cocaine conviction and five years for Having Weapons While Under Disability, to run concurrently. Additionally, the trial court ordered this sentence to run concurrent to the sentence imposed in case number B0403845 for a total aggregate sentence of ten years. See Doc. 6, Exh. 8, 10, 11.

Petitioner did not file an appeal as of right from his convictions and sentences. However, on March 6, 2006, almost five months later, he filed motions for leave to file a delayed appeal arguing that he was unaware of his right to appeal. The Ohio Court of Appeals, First Appellate District overruled the motions. Petitioner then timely appealed to the Ohio Supreme Court arguing a denial of his constitutional right to appeal and that his

2

sentences were unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Ring v. Arizona*, 536 U.S. 584 (2002); *Blakely v. Washington*, 542 U.S. 296 (2004); and *United States v. Booker,* 543 U.S. 220 (2005). The Supreme Court dismissed the appeals "as not involving any substantial constitutional questions." See Doc. 6, Exhs. 17-18, 24-25. This federal habeas corpus petitioner followed.

II. Argument

Petitioner asserts two grounds for relief, basically, violations of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. The grounds are set forth verbatim herein:

> **GROUND ONE:** THE CONVICTION AND SENTENCE IS VOID PURSUANT TO THE FIFTH, AND FOURTEENTH AMENDMENTS UNDER THE UNITED STATES CONSTITUTION'S DUE PROCESS CLAUSE.
>
> 1) The judgment of the trial court is void as the defendant was **not** informed of his rights to appeal the sentence imposed in criminal case number **B-0403845 and B-0412233**. [*See, Ohio Criminal Rule 32(B)]
>
> 2) The judgment of the First District Court of Appeals, Hamilton County, Ohio Appeal Number **C-060203 and C-060201**, denying the indigent in pro se, leave to file his delayed appeals as of right is a violation of due process, and equal protection of the law, and is contrary to clearly established federal law. **Wolfe v. Randle**, 267 F.Supp.2d 743, 750-751, (S.D. Ohio 2003); **Deitz v. Money**, 391 F.3d 804, 810-811 (6th Cir. 2004).
>
> 3) The judgment of the Ohio Supreme Court, Case Numbers **06-0836**, and **06-0851**, is a violation of due process, and equal protection of the law, and is contrary to clearly established United States Supreme Court precedence, thus federal-law. **Wolfe**, supra; **Deitz**, supra. **Accord**.
>
> a) The Ohio Supreme Court's judgments, denying relief pursuant to holding of the United States Supreme Court in **Blakely v. Washington**, (2004), 542 U.S. ___, 124 S.Ct. 2531, 2537; **United States v. Booker**, (2005), ___ U.S. ___, 125 S.Ct. 738; **Cf**. **State v. Montgomery**, (1st Dist. 2005), 159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250; **State v. Foster**, (Ohio Supreme Court 2006), 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470

(*Ohio Supreme Court declaring Ohio's sentencing statutes unconstitutional pursuant to **Blakely**, supra; **Booker**, supra.) **Accord**.

b) Petitioner filed his delayed appeals and presented his **Blakely** claims in the Court of Appeals, Appeals Number **C-060203** and **C-060201**, and then upon direct appeal therefrom in the Supreme Court of Ohio in Case Numbers **06-0836 and 06-0851**. In which the Supreme Court denied jurisdiction asserting that these cases did not involve any substantial constitutional questions.

c) The Court of Appeals, judgments in Appeal Numbers **C-060203 and C-060201**, is contrary to clearly established United States Supreme precedence concerning the right to appeal a criminal conviction and sentence. See. **Wolfe**, supra; **Deitz**, supra; and **Roe v. Flores-Ortega,** (2000), 528 U.S. 470, 120 S.Ct. 1029. **Accord**.

d) The Supreme Court of Ohio's judgments in Case Numbers **06-0836 and 06-0851**, is contrary to clearly established United States Supreme Court precedence concerning the right to appeal a criminal conviction and sentence. See, **Wolfe**, supra; **Deitz**, supra; and **Roe**, supra. **Accord**.

**GROUND TWO**: THE SENTENCE IMPOSED IS VOID PURSUANT TO THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AS INTERPRETED BY THE UNITED STATES SUPREME COURT, THUS CONTRARY TO FEDERAL-LAW.

1) Petitioner entered his guilty plea in criminal case number **B-0403845**, on May 19th, 2005, to Count Three, a Felonious Assault, in violation of O.R.C. § 2903.11(A)(2), a felony of the second degree, and to the Gun Specification in Count Two, and the remaining Counts were dismissed.

a) On October 18th, 2005 the trial court imposed a prison term, upon the Petitioner who has **not** served a prior prison term, as follows:
Count One, seven-year-prison-term, and
Count Two, a three-year-prison-term, based on facts and findings made by the trial judge to enhance the prison term, that were neither admitted by the defendant, nor proven to a jury beyond a reasonable doubt.

b) The trial court was required to impose the shortest prison term available pursuant to O.R.C. § 2929.14(A)(2), being a two year prison term. Therefore, the trial judge exceeded his proper authority, and the sentence violates the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution. See, **Blakely v. Washington,** (2004), 542 U.S. __, 124 S.Ct. 2531, 2537; **Booker**, supra; **Montgomery**, supra; **Foster**, supra. **Accord**.

4

> 2) Petitioner entered his guilty plea in criminal case number **B-0412233**, on July 1st, 2005, to Count One, Trafficking in Cocaine, in violation of O.R.C. § 2925-03(A)(2), a felony of the first degree, and to Count Five, Having Weapons Under Disability, in violation of O.R.C. § 2923.13-(A)(2), a felony of the third degree, and the remaining counts were dismissed.
>
> a) On October 18th, 2005 the trial court imposed a prison term, upon the Petitioner who has **not** served a prior prison term, as follows:
> Count One, seven-year-prison-term, and
> Count Five, a five-year-prison-term, concurrently with each-other, and concurrently with case number **B-0403845**.
>
> b) The trial court was required to impose the shortest prison term available pursuant to O.R.C. § 2929.14(A)(2), and (A)(3), being a three, and one year prison term. Therefore, the trial judge exceeded his proper authority, and the sentence violates the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution. See, **Blakely**, supra, S.Ct., 2537; **Booker**, supra; **Montgomery**, supra; **Foster**, supra. **Accord**.

See Doc. 1.

Petitioner, in his Objections to the Report and Recommendation, now, for the first time, argues that the United States Supreme Court case of *Cunningham v. California*, 549 U.S. ___ (2007) is applicable to this matter, that the State was required by the Fourteenth Amendment to ensure that Petitioner knew "just what it was that the Petitioner was pleading guilty to," and that *State v. Foster*, 109 Ohio St.3d 1 (2006) is unconstitutional as it is being used to circumvent *Blakely*. See Doc. 13.

III. Legal Standard

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject

5

or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). See also *Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's

6

case." *Id.* at 1523. The Sixth Circuit has held that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000). Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous. See 28 U.S.C. § 2254(e)(1).

IV. Analysis

A. Ground One

In Ground One, the Petitioner asserts that he was denied his constitutionally protected right of appeal because he was not informed of those rights[1]. The Magistrate Judge properly stated that "[i]t is well-settled that the Constitution is violated if a criminal defendant is denied an appeal 'by reason of his lack of knowledge of his right and the failure of his counsel *or* the court to advise him of his right to appeal with the aid of counsel.'" *citing Goodwin v. Cardwell*, 432 F.2d 521, 522-523 (6th Cir. 1970(emphasis added). Doc. 8, p8. In this case, the Petitioner signed two guilty plea agreements, both indicating that he had been advised of his right to appeal and the time limit for doing so. Furthermore, the transcript of the guilty plea and sentencing confirm that the Petitioner read, understood, and discussed with his counsel the terms of the plea agreements. Thus, this Court can not find that the Petitioner was not informed of his rights to appeal.

---

[1]Petitioner also claims in Ground One that he should have been given the opportunity to appeal his sentence on the ground that it was imposed in violation of *Blakely* and *Booker.* This allegation will be addressed in the analysis of Ground Two.

B.  Ground Two

Ground Two of the Petitioner alleges that Petitioner was sentenced in violation of the Sixth Amendment, *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005).  Petitioner argues that the trial court violated the Sixth Amendment, *Blakely,* and *Booker* by imposing a sentence longer than the minimum sentence based upon facts not admitted by the Petitioner nor found beyond a reasonable doubt by a jury.  Petitioner takes issue with the seven year sentence on the felonious assault charge, arguing that the minimum that should have been imposed was two years. See O.R.C. §2929.14(A)(2).  O.R.C. §2929.14(B) provides that a trial judge must "impose the shortest prison term authorized, unless certain enhancements are applicable.

The Magistrate Judge correctly summarized *Blakely, supra* and *Booker, supra.* Despite Petitioners assertions to the contrary, neither case is applicable here as Petitioner's sentence was not based upon any factual findings or jury determinations but upon an accepted and agreed upon plea agreement wherein Petitioner agreed to the ten year term.  As the Magistrate Judge correctly pointed out, "'[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence.'" Doc. 8, p14 citing *State v. Porterfield,* 106 Ohio St.3d 5 (2005).  See also *State v. Ranta*, 2005 WL 1705744, *3 (Ohio Ct. App. 8 Dits. 2005); *State v. Kimble*, 2006 WL 3350483, *5 (Ohio Ct. App. 11 Dist. 2006); *Todd v. Wolfe*, Case No. 1:05cv737 (S.D. Ohio, March 28, 2007)(Spiegel, J.), 2007 WL 951616, *7 n.8; *United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005); *United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005); *United States v. Pacheco-Navarette,* 432 F.3d 967, 971 (9th Cir. 2005).  *But see*

*Friley v. Wolfe*, 2006 WL 3420209 (S.D. Ohio Nov. 27, 2006)(Marbley, J.) For the reasons set forth in the Report, this Court declines to follow *Friley*.

Petitioner also argues that the sentence received in Case No. B0412233 violates the Sixth Amendment, *Blakely*, and *Booker* as, under O.R.C. §2929.14(A)(1) and (3), the shortest prison term available was three years and one year respectively for the Trafficking in Cocaine and Having Weapons While Under Disability convictions. In contrast to the analysis above, the plea agreement in this case did not contain an agreed upon sentence term. However, the transcript in this case implies that the sentence in the earlier case was to be a part of the overall deal for both cases. See Doc. 6, Exh. 26, p33-34. This is also supported by the sentence imposed by the trial court in which it ordered the sentences to run concurrent so as to have a "[t]otal package" of ten years. Doc. 6, Exh. 29, p34.

Furthermore, the sentence in this latter case occurred after Petitioner had already been sentenced previously. Thus, this prior conviction falls under the exception to *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) and *Blakely* which provides that a prior conviction can increase the penalty for a crime without that fact being submitted to a jury and proved beyond a reasonable doubt. See *Blakely*, 542 U.S. at 301.

The Magistrate Judge then found that even if such a *Blakely* violation occurred, that such alleged error was harmless as the Petitioner suffered no prejudice and because there is no reason to believe that Petitioner would receive a more favorable sentence if granted the requested relief.

    C.    Objections

Petitioner can not now raise new issues in his objections to the Report that were not

previously raised. See 28 U.S.C. § 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005) ("AEDPA preserved [the] total exhaustion requirement"); *Hamm v. Saffle*, 300 F.3d 1213, 1216 (6th Cir. 2002) (Exhaustion is required before a state prisoner may bring a habeas corpus petition under 28 U.S.C. § 2254); *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (Both the factual and legal basis for the claim must have been presented to the state courts in order to be considered "fairly presented."). Thus, the new issues raised in Petitioner's objections are barred and will not be reviewed by this Court. However, this Court points out that *Cunningham v. California*, 549 U.S. ___, 127 S. Ct. 856 (2007) is inapplicable to the instant matter as it deals with the constitutionality of California's determinate sentencing law which assigns to the trial judge, not a jury, authority to find the facts that expose a defendant to an elevated sentence.

V. Conclusion

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough, well reasoned, and correct. Thus, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (Doc. 8), and DENIES WITH PREJUDICE Petitioner's writ of habeas corpus (Doc. 1). Because Petitioner has failed to make a substantial showing of the denial of a constitutional right in his petition, the Court FINDS that a certificate of appealability should not issue with respect to the claims alleged in the Petition. Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a), *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court
